| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| RICARDO ÁLVAREZ-RIVÓN,<br>MAGALI ÁLVAREZ-MÉNDEZ, and<br>their conjugal partnership,<br><br>  Plaintiffs,<br><br>  v.<br><br>CENGAGE LEARNING, INC.,<br><br>  Defendant. | Civil No. 09-1605 (JAF) |

**OPINION AND ORDER**

Plaintiffs bring this action against Defendant for copyright infringement under 17 U.S.C. § 101, for violation of the moral rights of creators of original works under 31 L.P.R.A. § 1401 (1993), for tortious conduct under 31 L.P.R.A § 5141 (1990), and under the equitable principle of unjust enrichment, see Ortiz-Andújar v. Commonwealth, 22 P.R. Offic. Trans. 774 (1988). (Docket No. 1.) Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Docket No. 14.) Plaintiffs oppose, Defendant replies, and Plaintiffs surreply. (Docket Nos. 20; 25; 34.) Defendant later moved to stay the proceedings until Plaintiffs file a certified copy of the copyright registrations alleged in the complaint. (Docket No. 26.) Plaintiffs oppose, Defendant replies, and Plaintiffs surreply. (Docket Nos. 33; 37; 42.)

# I.

# Factual Synopsis

We derive the following facts from the complaint. (Docket No. 1.) Plaintiffs are the creators of a character known as "Turey El Taíno" and other characters that initially appeared in a Puerto Rican comic book magazine of the same name, first published in October 1969. On March 26 and August 6, 1990, Plaintiffs registered the Turey cartoons with the U.S. Copyright Office. Plaintiffs further protected their work by registering it with the Puerto Rico State Department on November 17, 1994. Since then, Plaintiffs have licensed the Turey cartoons to authors, publishers, and other individuals and entities interested in their use.

In 2008, Plaintiffs were approached by Brenda Wegmann, who asked for their permission to reproduce five Turey cartoons in a textbook entitled "Perspectivas Eighth Edition" to be published by Defendant. They had previously licensed Wegmann various Turey cartoons for another textbook, entitled "En Contacto Lecturas Intermediarias," that was published by Heinle Thomson, a company since acquired by Defendant.

On September 23, 2008, Plaintiffs received an e-mail from an artist at Defendant's printing press asking permission to use four of the cartoons and indicating that since the remaining cartoon had been licensed for an earlier edition, he just needed renewed permission. Plaintiffs had never licensed Turey cartoons for "Perspectivas." When confronted, Wegmann admitted the violation but could not provide an appropriate explanation. Plaintiffs have since corroborated that "Perspectivas Seventh Edition" includes five Turey cartoons, none of which were licensed by

Civil No. 09-1605 (JAF)                                                                                                              -3-

Plaintiffs. Furthermore, the book falsely claims that all of the cartoons were reproduced with permission of the author.

Given the situation, Plaintiffs withheld permission to reproduce Turey cartoons in "Perspectivas Eighth," which has been sold and distributed throughout the United States since May 9, 2009. Although the new edition does not include Turey cartoons, Defendant has, nevertheless, advertised the book as including Plaintiffs' work.

## II.

### Standard for Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

Civil No. 09-1605 (JAF)                                                                                              -4-

## III.

## Analysis

Defendant argues that Plaintiffs' complaint should be dismissed because (1) it fails to state a claim upon which relief may be granted under either federal or state copyright law; and (2) all Puerto Rico claims are in any case preempted by federal copyright law. (Docket No. 14.)

### A.      Failure To State a Claim Under Federal or Puerto Rico Copyright Act

#### 1.      Federal

Defendant argues that the Turey character it reproduced was "unregistered" in that it differed substantially from Plaintiffs' registered version of the character.[1] (Docket No. 14 at 4-6.) To establish copyright infringement under federal copyright law, the plaintiff must prove: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. See Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991)). In making its argument, Defendant asks us to delve too far into the merits of Plaintiffs' claim. The relevant question under Rule 12(b)(6) is whether Plaintiffs alleged sufficient facts to state a plausible claim for relief. They did so here simply by

---

[1] Defendant argues that the images' unregistered status deprives this court of subject-matter jurisdiction, because "[s]ection 411(a) of the Copyright Act, 17 U.S.C. § 144(a), provides that no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with the Copyright Act." (Docket No. 14 at 4 (citing First Circuit authority construing this precondition as a jurisdictional requirement).) In a recent opinion, however, the U.S. Supreme Court has clarified that "[s]ection 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1241 (2010). Absent a proper jurisdictional challenge, we need not address at this stage a factual challenge to the validity of Plaintiffs' copyright, as it goes to the merits of their infringement claim.

Civil No. 09-1605 (JAF) -5-

alleging that the copied images are protected by a federal copyright (Docket No. 1 at 6-7). See, e.g., Mid Am. Title Co. v. Kirk, 991 F.2d 417, 421-22 (7th Cir. 1993) (holding that simple allegation of current copyright ownership and registration suffices under pleading standard), cert. denied, 510 U.S. 932 (1993); Adams v. Jackson, 218 F. Supp. 2d 1006,1011-12 (N.D. Ind. 2002) (same); Conan Prop., Inc. v. Mattel, Inc., 601 F. Supp. 1179 (S.D.N.Y. 1984) (same).

Defendant's related argument that we should stay proceedings until Plaintiffs provide evidence of their copyright fails for the same reason; it would require of Plaintiffs more than is necessary at this stage.

**2.     Puerto Rico**

Defendant argues that to the extent the Puerto Rico claim is not preempted, as discussed below, Plaintiffs failed to state a claim as to the moral rights they allege are protected under Puerto Rico copyright law. (Docket No. 14 at 10.) Moral rights protect (1) the right to attribution of the work; and (2) the right to demand and protect the integrity of the work, including the rights to prevent its alteration, truncation, and distortion. Venegas Hernandez v. Peer Int'l Co., 270 F. Supp. 2d 207 (D.P.R. 2003) (citing Cotto Morales v. Ríos, 140 P.R. Dec. 604, 620-23 (1996)).

Although both parties agree that there is no allegation of failure to attribute, they disagree as to Plaintiffs' allegation of damage to the integrity of their work. (Docket Nos. 20; 25.) Defendant claims that only "alteration, truncation, and distortion" are prohibited. (Docket No. 25 at 14.) Plaintiffs claim that the scope of the prohibited conduct extends to use in an objectionable context or in a way undesired by author (Docket No. 20 at 12), and we agree. The Puerto Rico Supreme Court has noted authority specifying that moral rights include the "exclusive

Civil No. 09-1605 (JAF)                                                                                               -6-

prerogatives of the author that authorize him or her to defend the integrity of his or her work [and] to determine under which conditions and circumstances it is to be displayed or published." Harguindey Ferrer v. Universidad Interamericana de P.R., 148 P.R. Dec. 13, 29 (1999).[2] Plaintiffs cite Defendant's use of the artwork in "Perspectivas Seventh Edition" to "pontificate or express different religious beliefs" without an opportunity for the author to clarify his message as a violation of these prerogatives. (Docket No. 20 at 13.) Thus, Plaintiffs have stated a claim under Puerto Rico copyright law of damage to the integrity of their work.

**B.     Preemption**

Defendant argues that Plaintiffs allege only conduct proscribed by federal copyright law. (Docket No. 14 at 10.) That being the case, Defendant argues, all Puerto Rico claims are preempted. Id. We review these arguments in light of 17 U.S.C. § 106, which enumerates the conduct prohibited by federal copyright law; any right not enumerated in § 106 is expressly not preempted by federal copyright law, see § 301(b)(3).

**1.     Puerto Rico Intellectual Property Act Claim**

As a general matter, integrity as conceived under Puerto Rico copyright law is not protected under federal copyright law. See 17 U.S.C. § 106. Section 106A, which provides an exception to this general rule in that it protects visual art as to attribution and integrity, does not apply to the images at issue. See 17 U.S.C. § 101 (noting that a work of visual art is one existing as a single copy or in limited edition, defined as 200 copies or fewer). Furthermore, we find no

---

[2] An official translation of the relevant portion of this opinion is filed at Docket No. 43.

Civil No. 09-1605 (JAF) -7-

authority recognizing the preemption of Puerto Rico moral rights by federal copyright law; on the contrary, this court has consistently entertained such claims. See, e.g., Feliciano-Caceres v. Land-Fill Techs. Corp., 239 F.R.D. 46 (D.P.R. 2006); Torres-Negron v. Rivera, 413 F. Supp. 2d 84 (D.P.R. 2006); Latin Am. Mech. Rights Collection Agency, Inc. v. Marti, Flores, Prieto & Wachtel Adver., Inc., 204 F. Supp. 2d 270 (D.P.R. 2002).

### 2. Tort and Unjust Enrichment

Finally, Defendant argues that Plaintiffs cite the same conduct proscribed by federal law to support their claims under tort and unjust enrichment. (Docket No. 14 at 13-16.) We note from the complaint and Plaintiffs' responses, however, that the conduct underlying those claims is Defendant's use of their name and reputation to promote "Perspectivas Eighth Edition." (See, e.g., Docket No. 1 at 8.) Since that conduct is not prohibited under 17 U.S.C. § 106, Plaintiffs' claims as to it are not preempted.

### IV.
### Conclusion

For the foregoing reasons, we **DENY** Defendant's motion to stay proceedings pursuant to 17 U.S.C. § 411(a) (Docket No. 26), and the motion to dismiss for failure to state a claim (Docket No. 14).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 16th day of July, 2010.

    s/José Antonio Fusté
    JOSE ANTONIO FUSTE
    Chief U.S. District Judge